UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DISABLED PATRIOTS OF AMERICA, INC. and BONNIE KRAMER, | : : : | Civil Action No. 07-2549 (DRD) |
| Plaintiffs, | : : | |
| v. | : : | **ORDER** |
| SOKEXHO, INC., | : : | |
| Defendant. | : | |

This matter having been brought before the Court by Daniel A. Kaskel, Esq., attorney for Plaintiffs, on application for an Order allowing Guy M. Shir, Esq., to appear and participate <u>pro hac vice</u>; and the Court having considered the moving papers; and this matter being considered pursuant to Fed.R.Civ.P. 78, and for good cause shown;

IT IS on this 5th day of July, 2007,

ORDERED that Guy M. Shir, Esq., a member of the Bar of the State of Florida, be permitted to appear <u>pro hac vice</u> in the above-captioned matter pursuant to L.Civ.R. 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by Daniel A. Kaskel, Esq., attorney of record for Plaintiffs who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

ORDERED that Guy M. Shir, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order; and it is further

ORDERED that Guy M. Shir, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that Guy M. Shir, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, <u>Judicial Ethics and Professional Responsibility</u>, and L.Civ.R. 104.1, <u>Discipline of Attorneys</u>; and it is further

ORDERED that Guy M. Shir, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

    /s/ Esther Salas
ESTHER SALAS
UNITED STATES MAGISTRATE JUDGE